be considered on its own facts by the application of the traditional test; namely, has the applicant shown: (1) unnecessary hardship which is unique and peculiar to his property, as distinguished from hardship arising from the impact of zoning regulation in general upon the entire district, and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare. See, e.g., *Ferry v. Kownacki*, 396 Pa. 283, 152 A. 2d 456 (1959) ; *Moyerman v. Glanzberg*, 391 Pa. 387, 138 A. 2d 681 (1958).

Accordingly, I dissent.

Mr. Justice COHEN joins in this dissenting opinion.

## Kondoleon, Appellant, *v.* Chicago Pneumatic Tool Company.

Argued April 28, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Elwood M. Malos,* with him *Norman Seidel,* for appellant.

*Herbert Toff,* for appellee.

OPINION PER CURIAM, June 24, 1966:
Order affirmed.

## Commonwealth ex rel. Clark, Appellant, *v.* Cavell.

Submitted January 5, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Douglas Clark,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION PER CURIAM, March 22, 1966:
This is an appeal from an order below dismissing an action in habeas corpus.

We affirm. *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481 (1965), and *Commonwealth ex rel. Mullenaux v. Myers,* 421 Pa. 61, 217 A. 2d 730 (1966), are controlling.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.